UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-23752-DPG

**STRIKE 3 HOLDINGS, LLC**, a limited liability company,

    Plaintiff,

v.

**JOHN DOE** subscriber assigned IP address 71.132.178.43, an individual,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave for Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"). [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised. Based thereon, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff established that "good cause" exists for it to serve a third-party subpoena on AT&T Internet (hereinafter the "ISP"). *See e.g.*, *Clear Skies Nevada, LLC v. Doe*, No. CV 15-1987-ORL-40TBS, 2015 WL 1293850, at *1 (M.D. Fla. Dec. 3, 2015); *Malibu Media, LLC v. Doe*, No. CV 15-2314-T-17TBM, 2015 WL 12856086, at *1 (M.D. Fla. Nov. 6, 2015).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP

address as set forth on Exhibit A to the Complaint.  Plaintiff shall attach to any such subpoena a copy of this Order.

3. If the ISP qualifies as a "cable operator,"[1] it shall comply with 47 U.S.C. § 551(c)(2)(B)[2] by sending a copy of this Order to the Defendant.

4. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

5. To ensure "the subscriber is notified of such [an] order," 47 U.S.C. § 551(c)(2)(B), the ISP shall, via certified mail, send notice to the subscriber which includes a copy of this Order. The ISP shall notify Plaintiff, in writing, of the date on which the notification was mailed to the subscriber. In the event the ISP fails to notify Plaintiff that it has complied with this provision, Plaintiff shall serve a copy of this Order on the subscriber simultaneous to or before any other service.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Wednesday, October 23, 2024

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] "The term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

[2] "A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).